**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**FRANK J. REGINE, LORI J. DANIS, LOUISE AND ROBERT J. FERNANDES, HOLLY DUPUIS, LUANN SINGLETON, LINDA L. RITA, RONALD J. BENOIT and RICHARD J. AND KERRY L. GABORIAULT**
**Plaintiffs,**

: C.A.

: CA 06 388 T

**VS.** :

:

**AMERIQUEST MORTGAGE COMPANY** :

**Defendant** :

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF FRANK J. REGINE

4. Plaintiff Frank J. Regine resides at 22 Sweet Street, Warwick, RI 02889.

5. On or about January 26, 2004 Plaintiff Frank J. Regine obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Regine received or signed the following documents:

1. A note in the principal amount of $170,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

7. On or about August 24, 2006 Plaintiff Regine exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

### FACTS RELATING TO PLAINTIFF LORI J. DANIS

8. Plaintiff Lori J. Danis resides at 39 Waterman Ave., Warwick, RI 02889.

9. On or about May 12, 2004 Plaintiff Lori J. Danis obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Danis received or signed the following documents:

1. A note in the principal amount of $171,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

11. On or about July 31, 2006 Plaintiff Danis exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

## FACTS RELATING TO PLAINTIFFS LOUISE T. FERNANDES AND ROBERT J. FERNANDES

12. Plaintiffs Louise T. Fernandes and Robert J. Fernandes reside at 22-24 Wakefield St., West Warwick, RI 02893.

13. On or about May 24, 2004 Plaintiffs Fernandes obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

14. In connection with the transaction, Plaintiffs Fernandes received or signed the following documents:

1. A note in the principal amount of $108,800;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

15. On or about August 28, 2006 Plaintiffs Fernandes exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 9.

**FACTS RELATING TO PLAINTIFF HOLLY DUPUIS**

16. Plaintiff Holly Dupuis resides at 30 Albermarble Ave., Johnston, RI 02919.

17. On or about February 17, 2005 Plaintiff Dupuis obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

18. In connection with the transaction, Plaintiff Dupuis received or signed the following documents:

1. A note in the principal amount of $180,100;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

19. On or about August 24, 2006 Plaintiff Dupuis exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 12.

**FACTS RELATING TO PLAINTIFF LUANN SINGLETON**

20. Plaintiff LuAnn Singleton resides at 28 Buckley Ave., West Warwcik, RI 02893.

21. On or about May 28, 2005 Plaintiff Singleton obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

22. In connection with the transaction, Plaintiff Singleton received or signed the following documents:

1. A note in the principal amount of $112,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

23. On or about August 24, 2006 Plaintiff Singleton exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

**FACTS RELATING TO PLAINTIFF LINDA L. RITA**

24. Plaintiff Linda L. Rita resides at 30 Vista Dr., East Providence, RI 02916.

25. On or about February 15, 2005 Plaintiff Rita obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26. In connection with the transaction, Plaintiff Rita received or signed the following documents:

1. A note in the principal amount of $109,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 16;
5. A One Week Cancellation Period form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

27. On or about August 1, 2006 Plaintiff Rita exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 18.

**FACTS RELATING TO PLAINTIFF RONALD J. BENOIT**

28. Plaintiff Ronald J. Benoit resides at 43 Lydia Ave., Woonsocket, RI 02895.

29. On or about June 7, 2005 Plaintiff Benoit obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

30. In connection with the transaction, Plaintiff Benoit received or signed the following documents:

1. A note in the principal amount of $193,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 19;
5. A One Week Cancellation Period form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

31. On or about August 15, 2006 Plaintiff Benoit exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 21.

**FACTS RELATING TO PLAINTIFS RICHARD J. GABORIAULT AND KERRY L. GABORIAULT**

32. Plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault reside at 132 Mt. Vernon Blvd., Pawtucket, RI 02861.

33. On or about June 8, 2004 Plaintiffs Gaboriault obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

34. In connection with the transaction, Plaintiffs Gaboriault received or signed the

following documents:

1. A note in the principal amount of $242,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 22;
5. A One Week Cancellation Period form; attached as Exhibit 23; and
6. A HUD-1 Settlement Statement.

35. On or about August 15, 2006 Plaintiffs Gaboriault exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 24.

**DEFENDANT**

36. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

37. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

38. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

39. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

40. Plaintiffs incorporate ¶¶ 1-35 as if fully set out herein.

41. Because all of the refinance transactions referenced herein were secured by Plaintiffs'

home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

42. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

43. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs ***clear and conspicuous*** notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

44. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C.

45. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in

addition to rescission.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre