# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FRANK J. REGINE, LORI J. DANIS, LOUISE and ROBERT J. FERNANDES, HOLLY DUPUIS, LUANN SINGLETON, LINDA L. RITA, RONALD J. BENOIT, AND RICHARD J. and KERRY GABORIAULT<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>Defendant. | C.A. No. 06-388-T |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Ameriquest Mortgage Company ("Ameriquest") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Complaint brought by plaintiffs Frank J. Regine, Lori J. Danis, Louise and Robert J. Fernandes, Holly Dupuis, Luann Singleton, Linda L. Rita, Ronald J. Benoit and Richard J. and Kerry L. Gaboriault.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains plaintiffs' characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest that venue is proper in this District.

**PARTIES AND FACTS**

**FACTS RELATING TO PLAINTIFF FRANK J. REGINE**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about January 26, 2004, plaintiff Frank J. Regine became the obligor and mortgagor under a certain note and mortgage on property located at 22 Sweet Street, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that plaintiff Frank J. Regine received or signed certain documents, including but not limited to, a Note in the principal amount of $170,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that it received the document attached as Exhibit 3 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that

plaintiff Frank J. Regine has an extended right to rescission and denies that his proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 7 of the Complaint.

**FACTS RELATING TO PLAINTIFF LORI J. DANIS**

8. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Ameriquest admits that on or about May 12, 2004, plaintiff Lori J. Danis became the obligor and mortgagor under a certain note and mortgage on property located at 39 Waterman Avenue, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that plaintiff Lori J. Danis received or signed certain documents, including but not limited to, a Note in the principal amount of $171,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that it received the document attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff Lori J. Danis has an extended right to rescission and denies that his proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 11 of the Complaint.

**FACTS RELATING TO PLAINTIFFS
LOUISE T. FERNANDES AND ROBERT J. FERNANDES**

12. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits that on or about May 24, 2004, plaintiffs Louise T. Fernandes and Robert J. Fernandes became the obligors and mortgagors under a certain note and mortgage on property located at 22-24 Wakefield Street, West Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14. Ameriquest admits that plaintiffs Louise T. Fernandes and Robert J. Fernandes received or signed certain documents, including but not limited to, a Note in the principal amount of $108,800.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15. Ameriquest admits that it received the document attached as Exhibit 9 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiffs Louise T. Fernandes and Robert J. Fernandes have an extended right to rescission and denies that their proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 15 of the Complaint.

**FACTS RELATING TO PLAINTIFF HOLLY DUPUIS**

16. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest admits that on or about February 17, 2005, plaintiff Holly Dupuis became the obligor and mortgagor under a certain note and mortgage on property located at 30

Albermarble Avenue, Johnston, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest admits that plaintiff Holly Dupuis received or signed certain documents, including but not limited to, a Note in the principal amount of $180,100.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19. Ameriquest admits that it received the document attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff Holly Dupuis has an extended right to rescission and denies that her proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 19 of the Complaint.

**FACTS RELATING TO PLAINTIFF LUANN SINGLETON**

20. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits that on or about May 28, 2005, plaintiff Luann Singleton became the obligor and mortgagor under a certain note and mortgage on property located at 28 Buckley Avenue, West Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

22. Ameriquest admits that plaintiff Luann Singleton received or signed certain documents, including but not limited to, a Note in the principal amount of $112,500.00, a

Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest admits that it received the document attached as Exhibit 15 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff Luann Singleton has an extended right to rescission and denies that her proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 23 of the Complaint.

**FACTS RELATING TO PLAINTIFF LINDA L. RITA**

24. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that on or February 15, 2005, plaintiff Linda L. Rita became the obligor and mortgagor under a certain note and mortgage on property located at 30 Vista Drive, East Providence, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits that plaintiff Linda L. Rita received or signed certain documents, including but not limited to, a Note in the principal amount of $109,500.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits that it received the document attached as Exhibit 18 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff Linda L. Rita has an extended right to rescission and denies that her proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 27 of the Complaint.

**FACTS RELATING TO PLAINTIFF RONALD J. BENOIT**

28. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest admits that on or June 7, 2005, plaintiff Ronald J. Benoit became the obligor and mortgagor under a certain note and mortgage on property located at 43 Lydia Avenue, Woonsocket, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that plaintiff Ronald J. Benoit received or signed certain documents, including but not limited to, a Note in the principal amount of $193,500.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that it received the document attached as Exhibit 21 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff Ronald J. Benoit has an extended right to rescission and denies that his proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 31 of the Complaint.

**FACTS RELATING TO PLAINTIFFS**
**RICHARD J. GABORIAULT AND KERRY L. GABRIAULT**

32. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest admits that on or June 8, 2004, plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault became the obligors and mortgagors under a certain note and mortgage on property located at 132 Mount Vernon Boulevard, Pawtucket, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint.

34. Ameriquest admits that plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault received or signed certain documents, including but not limited to, a Note in the principal amount of $242,500.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period Form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest admits that it received the document attached as Exhibit 24 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault have an extended right to rescission and denies that their proposed exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 35 of the Complaint.

**DEFENDANT**

36. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town and Country Road, Orange, CA 92868 and denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

38. Paragraph 38 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth in Lending Act.

39. Ameriquest denies the allegations set forth in paragraph 39 of the Amended Complaint.

**COUNT I – TRUTH IN LENDING ACT**

40. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to each of the preceding paragraphs.

41. Ameriquest admits that plaintiffs' mortgage loans were secured by their property located within the State of Rhode Island and that the loans in question were not for purposes of the initial acquisition or construction of those properties. The remaining allegations contained in paragraph 41 of the Complaint consist of legal conclusions to which no responsive pleading is required, and the statutes and regulations referenced by plaintiffs speak for themselves as to their content. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint.

42. Ameriquest denies the allegations set forth in paragraph 42 of the Complaint.

43. Ameriquest denies the allegations set forth in paragraph 43 of the Complaint.

44. Ameriquest denies the allegations set forth in paragraph 44 of the Complaint.

45. Paragraph 45 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest asserts that the statute referenced in paragraph 45 speaks for itself as to its content.

46. Ameriquest denies the allegations set forth in paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Defense

The plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

### Third Defense

The plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fourth Defense

The plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

### Fifth Defense

The plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Sixth Defense

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, the actions of which Ameriquest is not responsible.

**Seventh Defense**

Any claims by the plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Eighth Defense**

Any claims by the plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Ninth Defense**

Ameriquest is not liable for any claims by the plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Tenth Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court:

i. Enter judgment in its favor on all counts of the Complaint;

ii. Dismiss the Complaint with prejudice;

iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

iv. Grant such other relief as the Court deems as just and proper.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby brings this Counterclaim against plaintiffs/defendants-in-counterclaim, Frank J. Regine, Lori J. Danis, Louise and Robert J. Fernandes, Holly Dupuis, Luann Singleton, Linda L. Rita, Ronald J. Benoit and Richard J. and Kerry L. Gaboriault ("Plaintiffs"), and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Massachusetts.

**FRANK J. REGINE**

2. Upon information and belief, plaintiff Frank J. Regine resides in Warwick, Rhode Island.

3. On or about January 26, 2004, plaintiff Frank J. Regine obtained a residential mortgage loan from Ameriquest in connection with property located at 22 Sweet Street, Warwick, Rhode Island.

4. On or about August 24, 2006, plaintiff Frank J. Regine sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Frank J. Regine dated August 24, 2006 attached hereto as **Exhibit A**.

5. On or about August 30, 2006, plaintiff Frank J. Regine filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

6. Ameriquest has provided plaintiff Frank J. Regine with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**LORI J. DANIS**

7. Upon information and belief, plaintiff Lori J. Danis resides in Warwick, Rhode Island.

8. On or about May 12, 2004, plaintiff Lori J. Danis obtained a residential mortgage loan from Ameriquest in connection with property located at 39 Waterman Avenue, Warwick, Rhode Island.

9. On or about July 31, 2006, plaintiff Lori J. Danis sent Ameriquest a letter purporting to rescind the mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Lori J. Danis dated August 28, 2006 attached hereto as **Exhibit B**.

10. On or about August 30, 2006, plaintiff Lori J. Danis filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which the rescission period expired in connection with the subject loan.

11. Ameriquest has provided plaintiff Lori J. Danis with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind the loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**LOUISE T. FERNANDES AND ROBERT J. FERNANDES**

12. Upon information and belief, plaintiffs Louise T. Fernandes and Robert J. Fernandes reside in West Warwick, Rhode Island.

13. On or about April 12, 2005, plaintiffs Louise T. Fernandes and Robert J. Fernandes obtained a residential mortgage loan from Ameriquest in connection with property located at 22-24 Wakefield Street, West Warwick, Rhode Island.

14. On or about August 28, 2006, plaintiffs Louise T. Fernandes and Robert J. Fernandes sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant

to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiffs Louise T. Fernandes and Robert J. Fernandes dated August 28, 2006 attached hereto as **Exhibit C**.

15. On or about August 30, 2006, plaintiffs Louise T. Fernandes and Robert J. Fernandes filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiffs' rescission period expired in connection with the subject loan.

16. Ameriquest has provided plaintiffs Louise T. Fernandes and Robert J. Fernandes with all required disclosures with respect to the subject loan, and plaintiffs Louise T. Fernandes and Robert J. Fernandes are not entitled to rescind their loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**HOLLY DUPUIS**

17. Upon information and belief, plaintiff Holly Dupuis resides in Johnston, Rhode Island.

18. On or about February 17, 2005, plaintiff Holly Dupuis obtained a residential mortgage loan from Ameriquest in connection with property located at 30 Albermarble Avenue, Johnston, Rhode Island.

19. On or about August 24, 2006, plaintiff Holly Dupuis sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Holly Dupuis dated August 24, 2005 attached hereto as **Exhibit D**.

20. On or about August 30, 2006, plaintiff Holly Dupuis filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

21. Ameriquest has provided plaintiff Holly Dupuis with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**LUANN SINGLETON**

22. Upon information and belief, plaintiff Luann Singleton resides in West Warwick, Rhode Island.

23. On or about May 28, 2005, plaintiff Luann Singleton obtained a residential mortgage loan from Ameriquest in connection with property located at 28 Buckley Avenue, West Warwick, Rhode Island.

24. On or about August 24, 2006, plaintiff Luann Singleton sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Luann Singleton dated August 24, 2006 attached hereto as **Exhibit E**.

25. On or about August 30, 2006, plaintiff Luann Singleton filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

26. Ameriquest has provided plaintiff Luann Singleton with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**LINDA L. RITA**

27. Upon information and belief, plaintiff Linda L. Rita resides in East Providence, Rhode Island.

28. On or about February 15, 2005, plaintiff Karen A. Bowles obtained a residential mortgage loan from Ameriquest in connection with property located at 30 Vista Drive, East Providence, Rhode Island.

29. On or about August 1, 2006, plaintiff Linda L. Rita sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Linda L. Rita dated August 1, 2006 attached hereto as **Exhibit F**.

30. On or about August 30, 2006, plaintiff Linda L. Rita filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

31. Ameriquest has provided plaintiff Linda L. Rita with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**RONALD J. BENOIT**

32. Upon information and belief, plaintiff Ronald J. Benoit resides in Woonsocket, Rhode Island.

33. On or about June 7, 2005, plaintiff Ronald J. Benoit obtained a residential mortgage loan from Ameriquest in connection with property located at 43 Lydia Avenue, Woonsocket, Rhode Island.

34. On or about August 15, 2006, plaintiff Ronald J. Benoit sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Ronald J. Benoit dated August 15, 2006 attached hereto as **Exhibit G**.

35. On or about August 30, 2006, plaintiff Ronald J. Benoit filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

36. Ameriquest has provided plaintiff Ronald J. Benoit with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**RICHARD J. GABORIAULT AND KERRY L. GABORIAULT**

37. Upon information and belief, plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault reside in Pawtucket, Rhode Island.

38. On or about June 8, 2004, plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault obtained a residential mortgage loan from Ameriquest in connection with property located at 132 Mount Vernon Boulevard, Pawtucket, Rhode Island.

39. On or about August 15, 2006, plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault dated August 15, 2006 attached hereto as **Exhibit H**.

40. On or about August 30, 2006, plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiffs' rescission period expired in connection with the subject loan.

41. Ameriquest has provided plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault with all required disclosures with respect to the subject loan, and plaintiffs Richard J. Gaboriault and Kerry L. Gaboriault are not entitled to rescind their loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

42. Ameriquest repeats and realleges the allegations set forth in each of the preceding paragraphs.

43. By virtue of the plaintiffs' letters seeking rescission of their mortgage loans, actual controversies have arisen and exist between Ameriquest and the plaintiffs regarding whether they have a right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

44. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which plaintiffs' right to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

45. Ameriquest has provided the plaintiffs with all required disclosures with respect to the subject loans, and the plaintiffs have no basis for rescission of the loan.

46. Ameriquest hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to the plaintiffs' letters of rescission of their loans, including, without limitation, a declaration that the plaintiffs are not entitled to rescind the subject loans.

**RELIEF REQUESTED**

WHEREFORE, defendant/counterclaimant Ameriquest respectfully requests that the Court:

A. Enter a declaration that the plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Carolyn C. Medina
Steven E. Snow (#1774)
Carolyn C. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

DATED: October 10, 2006

*Of counsel:*

R. Bruce Allensworth (BBO # 015820)
Irene C. Freidel (BBO # 559051)
Sarah C. Kellogg (BBO # 637530)
Eileen E. Pott (BBO # 662350)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100
epott@klng.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER AND COUNTERCLAIM was filed with the Clerk of the United States District Court for the District of Rhode Island this 10th day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Carolyn C. Medina

879812_1/7511-34